**Entered on Docket**
**January 25, 2006**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| In Re: | ) | BK-S-04-11394-LBR |
| | ) | Chapter 7 |
| ROGER VINCENT, | ) | |
| | ) | ADV. NO.: S-051133 |
| Debtor(s). | ) | |
| _____ | ) | |
| STRUCTURED INVESTMENTS CO., INC., | ) | Date:  n/a |
| | ) | Time:  n/a |
| Plaintiff(s), | ) | |
| vs. | ) | |
| ROGER VINCENT, | ) | |
| Defendants(s). | ) | |
| _____ | ) | |

### ORDER DENYING ENTRY OF DEFAULT JUDGMENT AND
### ORDER FOR ADDITIONAL BRIEFING

Plaintiff Structured Investments Co., LLC ("SIC") has filed an application for the entry of

a default judgment against the debtor, Roger Vincent.  The complaint in this adversary

proceeding seeks the nondischargeability of a debt allegedly owed by Vincent pursuant to a

California default judgment for $77,376.67.   For the many reasons explained below, the Court

orders additional briefing from SIC.

SIC's adversary complaint is based up the purported assignment of Vincent's monthly

military retired pay to SIC.   In its complaint, SIC alleges that Vincent and SIC entered into an

1    "Annuity Utilization Contract" in December, 2002 whereby Vincent, in exchange for a lump sum

2    payment, agreed to arrange an "Assignment Account" for the deposit of his military retirement

3    pay so that withdrawals could be made only by SIC, "thus assigning Vincent's interest in the

4    Monthly Payments to [SIC] for a period of 96 months (eight years)."[1]   The complaint alleges that

5    Vincent misrepresented the facts of his income and assets with the intent to deceive SIC,[2] "failed

6    to account" for the monthly payments,[3] and "breached the contract by diverting the Monthly

7    Payment funds away from the Assignment Account."[4]

8         The complaint alleges that SIC obtained a default judgment against Vincent in a

9    California court for $77,376.67.  SIC does not allege in the complaint, or argue in its application

10   for default judgment, that the California judgment is entitled to collateral estoppel effect.  SIC

11   does not identify the nature of the California judgment (i.e.; whether the judgment is for fraud or

12   breach of contract), does not recite any factual findings made by the California court, and does

13   not  identify the claims for relief in the state court complaint upon which the California judgment

14   is based.  SIC has not supplied a copy of the California judgment or the complaint upon which it

15   is based.

16                           ***Discussion***

17       ***1.  Proof of Service***

18       SIC's proof of service is deficient. Fᴇᴅ. R. Bᴀɴᴋʀ. P. 7004(b)(9) provides that

19   service be made "upon the debtor . . . by mailing a copy of the summons and complaint to the

20   debtor at the address shown in the petition . . . ."   Local Rule 7005(a) requires that a proof of

21   _____

22       [1]Complaint at ¶ 11.

23       [2]Complaint at ¶ 24.

24       [3]Complaint at ¶ 34.

25       [4]Complaint at ¶ 38.

26                              2

1    service "show the day and manner of service and the name of the person served."   SIC's

2    certificate of service, however, states only that the summons and complaint were mailed to

3    "Debtor" on May 6, 2005.[5]   No name or address is listed for the debtor on the certificate of

4    service.

5         Pursuant to LR 7005(b), the failure to make a proof of service does not affect the validity

6    of service, and the court "may at any time" allow the proof of service to supplied.    Therefore,

7    SIC must supplement the record with proof that service of the summons and complaint was

8    properly made to Vincent.

9         In addition, the other certificates of service filed by SIC in this adversary proceeding,

10   such as the application for default judgment, show that SIC has made service upon Vincent at the

11   wrong address.  Service of those papers has been made upon Vincent at "3230 Shaw Circle."

12   Before the complaint was filed, Vincent filed a change of address in the main bankruptcy case in

13   which he recorded his address as "2230 Shaw Circle."   The Court realizes that the caption of the

14   docket sheet listed Vincent's address incorrectly.[6]  The incorrect listing, however, does not alter

15   or excuse the requirement of satisfying due process.

16        ***2. Application for Default Judgment***

17        A default does not automatically entitle a plaintiff to the entry of a default judgment.  *In*

18   *re Saylor,* 178 B.R. 209, 212 (9th Cir. BAP 1995), *aff'd,* 108 F.3d 219 (9th Cir. 1997).  Upon a

19   default, the factual allegations of a complaint are taken as true, but "necessary facts not contained

20   in the pleadings, and claims which are legally insufficient, are not established by default."

21   *Cripps v. Life Ins. Co. of No. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  The factors to be

22   _____

23        [5]SIC has not filed a certificate of service as a separate docket entry.  Instead, the
     certificate is attached as an exhibit to SIC's "Application For Entry of Default" which was filed

24   on August 18, 2005.

25        [6]The address on the caption has since been corrected.

26                                        3

1  considered for entry of a default judgment include the merits of a plaintiff's substantive claim

2  and the sufficiency of the complaint, among others.[7]  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th

3  Cir. 1986).

4                            ***a.  Merits of Plaintiff's Substantive Claim***

5                    SIC has alleged claims for relief under 11 U.S.C. § 523(a)(2)(B),

6  § 523(a)(4), and § 523(a)(6).    There is a question, however, about whether an enforceable debt

7  exists for purposes of this adversary proceeding under any claim for relief.

8          The alleged assignment of Vincent's military retirement pay appears to be specifically

9  prohibited by federal law.  Pursuant to 37 U.S.C. § 701(c), "[a]n enlisted member of the Army,

10  Navy, Air Force, or Marine Corps may not assign his pay, and if he does so, the assignment is

11  void."[8]    It has also been acknowledged that the assignment of a military pension is against public

12  policy.  *See In re Moorhous*, 108 F.3d 51, 55-56 (4th Cir. 1997)(public policy prohibits

13  assignment of military retired pay).

14          If the "Annuity Utilization Contract" is unenforceable, there is no enforceable prepetition

15  debt to except from discharge under any claim for relief under 11 U.S.C. § 523(a).  *See In re*

16  *Miller*, 292 B.R. 409, 412 (9th Cir. BAP 2003)(nondischargeability under § 523(a) requires

17  existence of an enforceable debt).  In order for a debt to be declared nondischargeable, there must

18  be an enforceable right to payment created by nonbankruptcy law.  *See Grogan v. Garner*, 498

19  U.S. 279, 283-284 n. 9 (1991)(validity of a creditor's claim is determined by nonbankruptcy

20

---

21      [7]Other factors are the possibility of prejudice to the plaintiff, the sum of money at stake,

22  the possibility of a dispute concerning material facts, whether the default was due to excusable

23  neglect, and the strong policy underlying the Federal Rules of Civil Procedure favoring decisions
on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

24      [8]As to whether a military retirement is "pay," *see Barker v. Kansas,* 503 U.S. 594, 605

25  (1992)(for purposes of federal statute authorizing states to tax federal employees, military
retirement benefits are "deferred pay for past services").

26                                                4

1  law).

2        Assuming (without deciding) that California law applies,[9] California statutes require that

3  a contract have a "lawful object." CAL. CIV. CODE § 1550(3) (1982). Contracts without a lawful

4  object are void. CAL. CIV. CODE § 1598 (1982).   In California, "a violation of federal law is a

5  violation of law for purposes of determining whether or not a contract is unenforceable . . . ."

6  *Kashani v. Tsann Kuen China Enter. Co., LTD.,* 13 Cal. Rptr. 3d 174, 181 (Cal. Ct. App.

7  2004)(citations omitted).  "California courts have stated that an illegal contract may not serve as

8  the foundation of any action, either in law or in equity and that when the illegality of the contract

9  renders the bargain unenforceable,  the court will leave [the parties] where they were when the

10  action was begun. " *Id.*  at 180 (citations omitted).

11        *Bowden v. Structured Investments Co., LLC (In re Bowden)*, 315 B.R. 903 (Bankr. W.D.

12  Wash. 2004) has strikingly similar facts (and apparently the same plaintiff, Structured

13  Investments Co.).  In *Bowden*, Structured Investments Co. and the debtor, a military-retiree,

14  entered into an "Annuity Utilization Agreement" pursuant to which the investment company

15  gave a lump sum payment to the military retiree in exchange for the retiree's agreement to remit

16  his monthly retirement benefit payments.  Structured Investments argued that the agreement was

17  a declaration of trust.  The court in *Bowden* rejected Structured Investment Co.'s argument.

18  Citing 37 U.S.C. § 701(c), the court held that there was no trust *res* because the rights to military

19  retired pay are not vested rights.  The court further held that "[m]ilitary retired pay is actually

20  reduced wages, which for public policy reasons, may not be assigned."  *Bowden* at 908.

21        Another striking similar case is *Structured Investments Co., LLC v. Price (In re Price)*,

22

23  ────────────────

24        [9]The "Annuity Utilization Contract" at ¶ 16 states that California law governs.  SIC
attached the contract as an exhibit in support of its Motion to Reopen in the main case.  The
25  contract has not been made a part of the record in the adversary proceeding, however, and in any
event this Court does not rule whether California law applies or not.

26                                            5

1    313 B.R. 805 (Bankr. W.D. Ark 2004).  In *Price*, Structured Investments had entered into a

2    contract with a debtor for the purchase of his future military pension rights in return for a lump-

3    sum payment.  When the debtor allegedly breached the agreement by redirecting the pension

4    payments for his own benefit, Structured Investments brought an adversary proceeding under

5    §§ 523(a)(4) and (a)(6).  Citing the anti-assignment provision of 37 U.S.C. § 701, the court

6    denied Structured Investments' summary judgment motion, noting that the sale of future pension

7    rights is prohibited by federal law.

8                              *b.  Sufficiency of the Complaint*

9                                  *i.  § 523(a)(2)(B)*

10                          The Ninth Circuit has stated the elements of 11 U.S.C.

11   § 523(a)(2)(B) as seven factors:  (1) a representation of fact by the debtor, (2) that was material,

12   (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of

13   deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was

14   reasonable, and (7) that damage proximately resulted from the representation. *In re Candland*, 90

15   F.3d 1466, 1469 (9th Cir.1996).

16       SIC's complaint under 11 U.S.C. § 523(a)(2)(B) lacks the necessary allegation that

17   Vincent knew in 2002 that the alleged representations he made in 2002 about his income and

18   assets were false.  Instead, the complaint makes allegations about what Vincent knew ***in 2004***

19   (when his bankruptcy schedules were filed) about his 2002 income.[10]

20       Furthermore, SIC has failed to file an affidavit or any other competent evidence with its

21   application for default judgment showing a prima facie case under § 523(a)(2)(B).  *See In re*

22   *Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991)(trial court has discretion to require proof of facts

23   necessary to state valid cause of action or to determine liability).

24   _____

25       [10]Complaint at ¶ 26.  The complaint erroneously states the case was filed in 2002.

26                                      6

1

***ii.  § 523(a)(4)***

2         SIC's complaint alleges the existence of a trust on the bare assertion that

3   "Vincent held the Monthly Payment funds in trust for SIC."[11]   SIC alleges that "Vincent was

4   required under the Contract to ensure that the Monthly Payment funds were deposited in the

5   Assignment Account," but that Vincent diverted the monies and has "failed to account" for them.

6   The complaint also alleges that Vincent intentionally listed an incorrect address for SIC,

7   "preventing SIC from receiving notice of this bankruptcy case."[12]   SIC's complaint lacks the

8   allegations necessary to establish the specific type of trust required under § 523(a)(4).

9         11 U.S.C. § 523(a)(4) prevents the discharge of a debt incurred by fraud or defalcation

10  while acting in a fiduciary capacity.   The meaning of "fiduciary capacity" under § 523(a)(4) is

11  narrowly construed to apply only to relationships involving express or technical trusts in

12  existence before and independent of the wrongdoing that caused the debt.  *In re Lewis*, 97 F.3d

13  1182, 1185 (9th Cir. 1996).  An express or technical trust is generally created by an agreement

14  between two parties to impose a trust relationship.  *In re Bigelow,* 271 B.R. 178, 186 (9th Cir.

15  BAP 2001).   The general characteristics of an express trust are:  (1) sufficient words to create a

16  trust; (2) a definite subject; and (3) a certain and ascertained object or *res*.  *In re Thornton*, 544

17  F.2d 1005, 1007 (9th Cir. 1976).    State law is relevant to the inquiry.  *In re Bigelow*, 271 B.R.

18  178, 187 (9th Cir. BAP 2001).

19        SIC's complaint does not allege the existence of an express trust prior to the alleged

20  diversion.  Instead, the complaint could be construed to allege the elements of a constructive

21  trust.  Under California law,[13] a constructive trust is an involuntary equitable trust created by

22  _____

23      [11]Complaint at ¶ 30.

24      [12]Complaint at ¶ 35.

25      [13]Assuming, but not deciding, that California law applies.

26                      7

1    operation of law as a remedy to compel the transfer of property from the person wrongfully

2    holding it to the rightful owner.  *Campbell v. Super. Ct.*, 34 Cal. Rptr.3d 68, 79 (Cal. Ct. App.

3    2005).[14]  Nevada law is similar.  *See Bemis v. Estate of Bemis*, 967 P.2d 437 441-42 (Nev. 1998).

4     In the main bankruptcy case, SIC ***argued*** in its "Motion To Reopen Chapter 7 Case" that an

5    express trust exists.  Arguments in a motion in the bankruptcy case, however, do not supply the

6    necessary elements of a claim which are missing in an adversary complaint.  In any event, even

7    the motion to reopen in the main case lacks the support necessary to establish the elements of an

8    express trust, because the arguments in the motion are not supported by an affidavit.[15]    SIC has

9    failed to file an affidavit or other competent evidence with its application for default judgment

10   showing a prima facie case under § 523(a)(4).   SIC has failed to even introduce the Annuity

11   Utilization Contract into the record of this adversary proceeding.

12        Even if SIC's complaint had made the necessary allegations for a § 523(a)(4)-type trust,

13   however, the issue still exists about whether the underlying Annuity Utilization Contract is

14   enforceable, and thus whether there is a proper trust *res*.  As pointed out above, 37 U.S.C. § 701

15   prohibits the assignment of military retirement pay.  *See In re Bowden*, 315 B.R. 903 (Bankr.

16   W.D. Wash. 2004)(rights to military retired pay are not entitlements or vested rights and thus do

17   not constitute a trust *res*).  *See also* WILLIAM  FRATCHER,  SCOTT ON TRUSTS § 79 (4th ed.

18   1987)("[P]ensions and salaries derived from public office, which are not assignable, cannot be

19   made the subject matter of a trust").

20

21

22        [14]Under California law, the elements of a constructive trust are:  (1) the existence of a *res*;
     (2) the right of a complaining party to that *res*; and (3) wrongful acquisition of the *res* by a party
23   who is not entitled to it.

24        [15]The affidavit of Steven Covey in support of the Motion to Reopen has no statement or
     other support that an express trusts exists.
25

26                                                8

1
### iii.  § 523(a)(6)

2
        Section 523(a)(6) provides that a debtor is not discharged from a debt "for

3
willful and malicious injury."   The two prongs, "willful" and "malicious," are analyzed

4
separately.  *In re Sicroff*, 401 F.3d 1101, 1105-06 (9th Cir. 2005), *cert. denied*, 125 S. Ct. 2964

5
(2005).

6
        To satisfy the "willfulness" test, a creditor must prove that the debtor intended the injury,

7
not just the act that caused it.  *Kawaauhau v. Geiger*, 523 U.S. 57, 61-64 (1998).  The Supreme

8
Court has determined that the word "willful" in 523(a)(6) modifies the word "injury," meaning

9
that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or

10
intentional act that leads to injury.  *Id.*   The Ninth Circuit construes the "willful" test as met

11
when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is

12
substantially certain to result from the conduct.  *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002).

13
To satisfy the test for "malice," a creditor must prove that the act was (1) wrongful, (2)

14
intentional, (3) necessarily caused injury, and (4) was done without just cause or excuse.  *In re

15
Sicroff*, 401 F.3d 1101, 1106 (9th Cir. 2005), *cert. denied*, 125 S. Ct. 2964 (2005).

16
        Apart from the question of whether an enforceable debt exists for purposes of this

17
adversary, the complaint lacks the allegations necessary to support a claim under § 523(a)(6).

18
The complaint alleges acts.   The complaint  alleges at ¶ 37 that "Vincent agreed to the [Annuity

19
Utilization Contract] and accepted the Lump Sum Payment with the intent to defraud SIC," and

20
alleges at ¶ 38 that Vincent "breached the [Annuity Utilization Contract]."   A debt arising out of

21
an intentional breach of contract, without more, is generally dischargeable.  *In re Jercich*, 238

22
F.3d 1202, 1205 (9th Cir. 2001), *cert. denied*, 533 U.S. 930 (2001).   The court requests further

23
briefing on how the alleged breach by Vincent rises to the level of a willful and malicious injury

24
under § 523(a)(6).   In addition, SIC has failed to file an affidavit or other competent evidence

25
with its application for default judgment showing a prima facie case under

26
9

1  § 523(a)(6).

2      Accordingly, the Court hereby orders that SIC provide additional briefing on the many

3  issues explained above.  Specifically, SIC shall have 20 days after the date of the entry of this

4  Order to file a brief which addresses (or supplies) the following information: (1) whether service

5  of the summons and complaint was proper; (2) whether service of the other papers in the

6  adversary proceeding was proper, in light of the mailings being sent to the wrong address; (3)

7  whether the "Annuity Utilization Contract" is void or otherwise unenforceable for either being a

8  violation of federal law under 37 U.S.C. § 701 or as a matter of public policy; (4) how SIC can

9  be entitled to relief under any of the claims in its complaint if the "Annuity Utilization Contract"

10  is void or unenforceable; (5) which state's law applies to the each of the claims (i.e.; Nevada or

11  California); (6) whether the complaint is sufficient to state a claim for relief under

12  § 523(a)(2)(B); (7) whether the complaint is sufficient to state a claim for relief under

13  § 523(a)(4); (8) whether there is a proper trust *res* for purposes of § 523(a)(4); (9) whether there

14  is an express trust for purposes of § 523(a)(4) and evidence of it; (10) whether the complaint is

15  sufficient to state a claim for relief under § 523(a)(6); and (11) competent evidence which

16  supports each of the claims alleged in the complaint.  Each of SIC's claims must be addressed

17  under the applicable state's law, where necessary.

18      Vincent shall have 20 days thereafter to file his opposition.

19      **IT IS SO ORDERED.**_____

20

21  Copies sent via ECF to Scott Fleming, Esq.

22  Copies mailed via BNC to:

23      Roger Vincent
        2230 Shaw Circle
24      Las Vegas, NV 89117

25

26                          10